UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BMO HARRIS BANK N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16-cv-03208-RLY-TAB |
| | ) | |
| BAKER & SIMMONS LOGISTICS, LLC, | ) | |
| VICTOR LEAVELL, and LEADRAIN | ) | |
| MOORE, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This breach of contract case is both ordinary and unusual. Baker & Simmons Logistics, LLC ("BSL") entered into several loan and security agreements covering business equipment. Victor Leavell and Leadrain Moore executed separate agreements guaranteeing BSL's performance. However, that performance did not last very long: less than a year after executing the agreements, BSL defaulted by failing to make minimum monthly payments. BMO Harris Bank N.A. ("BMO") brought the present action against BSL, Leavell, and Moore to recover its losses under the agreements. Leavell and Moore appeared and filed an answer; however, BSL did not. Accordingly, BMO obtained a default judgment against BSL. BMO now moves for summary judgment against Leavell and Moore based on the guaranty agreements. So far—a typical breach of contract case.

However, the present motion is what makes this case unusual. Despite filing an answer, Leavell and Moore did not file a response to BMO's motion. Accordingly, the court is required to accept as true the facts stated by BMO. But even accepting BMO's

1

facts as true, there are fatal inconsistencies or gaps within BMO's evidence. This results in several questions of fact, and so, in its present form, BMO's motion for summary judgment must be **DENIED**.

## I. Legal Standard

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Carmody v. Bd. of Trustees of Univ. of Illinois*, 893 F.3d 397, 401 (7th Cir. 2018). The evidence and any reasonable inferences that may be drawn from it are construed in the light most favorable to the non-moving party. *Id.* When a party does not respond to a motion for summary judgment, the opposing party's facts are accepted as true. *See* S.D. Ind. L. R. 56-1(f)(1)(A) ("In deciding a summary judgment motion, the court will assume that[] the facts as claimed and supported by admissible evidence by the movant are admitted without controversy except to the extent that[] the non-movant specifically controverts the facts . . . ."); *see also Dade v. Sherwin-Williams Co.*, 128 F.3d 1135, 1137 (7th Cir. 1997) (affirming district court's grant of summary judgment where it accepted moving party's facts as true when non-moving party failed to respond under local rule).

## II. Background

BSL entered into five different loan and security agreements with two different lenders. (*See* Filing No. 31-3, Affidavit of Sheila Aschenbrenner at 2 ¶¶ 4, 5). Three of the agreements were with General Electrical Capital Corporation ("GE Capital"). (*Id.* at 16, Ex. B; 22, Ex. C; 28, Ex. D). Two of the agreements were with Transportation Truck

and Trailer Solutions, LLC ("TTTS"). (*Id.* at 34, Ex. E; 40, Ex. F). Leavell and Moore each executed separate agreements[1] (collectively the "Guaranty Agreements") guaranteeing BSL's performance. (*Id.* at 5 ¶¶ 15, 16). In all but one of the Guaranty Agreements, the guarantor guarantees *to GE Capital* that BSL will perform its obligations *to GE Capital*. (*See e.g.* Ex. G).[2]

On November 3, 2016, BMO was assigned the rights of five BSL accounts. (*Id.* at 10, Ex. A, Transfer Acknowledgement). The Transfer Acknowledgement provides that Transportation Truck assigns the rights of five BSL accounts to BMO. (*Id.*). However, GE Capital is not a signatory to the Transfer Acknowledgement. (*See id.*).

## III. Discussion

A breach of contract claim under Indiana law requires the plaintiff to prove the existence of a contract, the defendant's breach of that contract, and resulting damages. *Haegert v. Univ. of Evansville*, 977 N.E.2d 924, 937 (Ind. 2012). Guaranties are conditional promises to answer for the debt of another, and so, they are governed by the same rules applicable to contracts. *TW General Contracting Servs. Inc. v. First Farmers Bank & Trust*, 904 N.E.2d 1285, 1288 (Ind. Ct. App. 2009) (citations omitted).

---

[1] Leavell executed two guaranty agreements: one on July 31, 2015, (*Id.* at 42, Ex. G), and one on September 3, 2015, (*Id.* at 44, Ex. H). Moore also executed two guaranty agreements: one on September 17, 2015, (*Id.* at 46, Ex. I), and one on October 6, 2015, (*Id.* at 48, Ex. J).

[2] "GE Capital" in three of the Guaranty Agreements refers collectively to General Electric Capital Corporation, GE Capital Commercial Inc., GE TF Trust, and GE CF Trust. (*Id.* at 42, Ex. G; 44, Ex. H; and 46, Ex. I). However, in Moore's second guaranty agreement, "GE Capital" includes TTTS. (*Id.* at 48, Ex. J).

BMO's theory of the case is simple: (1) BSL entered into loan agreements with GE Capital and TTTS; (2) Leavell and Moore guaranteed BSL's performance under those agreements; (3) BSL defaulted on those agreements; (4) GE Capital and TTTS assigned its rights to BMO; and, thus, (5) Leavell and Moore are liable to BMO for BSL's default through the Guaranty Agreements.

The problem comes at step 4 of BMO's theory: there is no evidence that *GE Capital* assigned its rights under the agreements to BMO or to TTTS. There is also no evidence of a relationship or affiliation between GE Capital and TTTS. The only evidence of assignment is the Transfer Acknowledgement, which is signed and executed by TTTS, not GE Capital. While the Transfer Acknowledgement includes five accounts and the account numbers correspond with the underlying loan and security agreements, there is no evidence that GE Capital, the lender on three of the loan and security agreements, assigned its rights in those agreements to TTTS or BMO. *See e.g. BMO Harris Bank N.A. v. In & Out Leasing, LLC*, NO. 16–CV–02655, 2018 WL 525608, at *1 (D. Colo. Jan. 24, 2018).[3] Accordingly, at least on the record presently before the court, there is a question of fact as to whether BMO has rights in three of the loan and security agreements issued by GE Capital.

---

[3] In *In & Out Leasing*—a case nearly identical to the present one—BMO brought a breach of contract action against In & Out Leasing, LLC after it failed to make payments on loan agreements that were assigned to BMO by GE Capital and TTTS. *Id.* With respect to the assignments, there was evidence of *both lender's assignments*—that is, there was an exhibit showing an assignment by GE Capital, and there was an exhibit showing an assignment by TTTS. *Id.* (citing Exhs. #1-7 and #1-8). Here, there is only evidence of an assignment by TTTS.

4

This issue is compounded when looking at the guaranties signed by Leavell and Moore—the basis for the present motion. Three of the guaranties only apply to GE Capital. The fourth guaranty applies both to GE Capital and TTTS. Because there is no evidence—either presented in an agreement, an affidavit, or otherwise—that explains that GE Capital assigned its rights to TTTS or BMO, there is a question of fact whether BMO can assert the rights under the guaranties.[4] *Flaherty & Collins, Inc. v. BBR-Vision I, L.P.*, 990 N.E.2d 958, 971 (Ind. Ct. App. 2013) (citation omitted) ("Generally, only those who are parties to a contract, or those in privity with a party, have the right to recover under a contract.").

BMO's motion for summary judgment also falters on another element: damages. It is axiomatic that a plaintiff must prove damages to a reasonable degree of certainty. *Entm't USA, Inc. v. Moorehead Commc'ns, Inc.*, 897 F.3d 786, 793 (7th Cir. 2018) (noting Indiana law requires a plaintiff to prove its damages with reasonable certainty).

BMO demands $424,895.67 in its complaint. (Filing No. 1, Complaint at 8 ¶ 42). BMO argues in its summary judgment brief that it is entitled to $434,611.47. (Filing No. 31-2, Brief in Support at 9). For that figure, BMO cites to Aschenbrenner's affidavit, but the affidavit says BMO is owed only $265,195.67. (Aschenbrenner Aff. at 5 ¶ 17). For that figure, Aschenbrenner's affidavit incorporates five loan damages calculators, which appear to add up to more than $265,195.67. (*See* Aschenbrenner Aff. at 49 – 59, Exhibit K). Because of all of these figures, the court cannot ascertain BMO's damages with

---

[4] Aschenbrenner's affidavit only provides that TTTS assigned its accounts to BMO. (Aschenbrenner Aff. at 1 ¶ 1).

certainty. Accordingly, there is a question of fact as to BMO's damages that precludes summary judgment.[5]

## IV. Conclusion

For these reasons, the court **DENIES** BMO's motion for summary judgment (Filing No. 31). Should BMO wish to renew its motion for summary judgment or should either Leavell or Moore wish to file a motion for summary judgment, the parties are granted leave to November 30, 2018 to file any such motion.

**SO ORDERED** this 24th day of October 2018.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

---

[5] Should BMO wish to renew its motion for summary judgment, BMO should include in its renewed motion a step-by-step explanation of its method of calculating damages. This explanation should include any relevant information related to the loans including potential set-off and interest. BMO's explanation should also be supported by evidence in the record.